

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2009

# USA v. Corey McGill

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4070

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Corey McGill" (2009). *2009 Decisions.* Paper 1232.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1232

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4070
_____

UNITED STATES OF AMERICA

v.

COREY MCGILL,
a/k/a SUPREME,

COREY MCGILL,
                              Appellant.


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 07-cr-00255)
District Judge: Honorable William H. Walls
_____

Submitted Under Third Circuit LAR 34.1(a)
June 2, 2009

Before: McKEE, HARDIMAN and GREENBERG, *Circuit Judges*.

(Filed: June 4, 2009)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Corey McGill pleaded guilty to a two-count superseding information charging him with conspiring to tamper with a witness through force in violation of 18 U.S.C. § 1512(k) and knowing possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i). The District Court imposed a within-Guidelines sentence of 211 months imprisonment and McGill filed this timely appeal.

Counsel for McGill has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1968). After receiving a copy of his counsel's request to withdraw, McGill declined to submit a *pro se* brief in response. We will grant counsel's motion and affirm the District Court's imposition of sentence. [1]

Because we write exclusively for the parties, who are familiar with the facts and proceedings below, we will not revisit them here.

When counsel files a motion pursuant to *Anders*, we determine whether: (1) counsel adequately fulfilled the *Anders* requirements, and (2) an independent review of the record presents any nonfrivolous issues. *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000).

To meet the first prong, appointed counsel must examine the record, conclude that there are no nonfrivolous issues for review, and request permission to withdraw. *United*

---

[1]We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

*States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Counsel must accompany a motion to withdraw with a "brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Counsel need not raise and reject every possible claim, but must, at a minimum, meet the "conscientious examination" standard set forth in *Anders*. *Youla*, 241 F.3d at 300.

McGill's counsel filed a motion to withdraw and an *Anders* brief, asserting that she "made a thorough and conscientious review of the record" revealing no appealable issues, because McGill cannot contest the validity of his guilty plea, nor can he identify any error at sentencing. With specific regard to sentencing, McGill's counsel notes that the only possible issue on appeal is that the District Court may have abused its discretion by choosing not to depart downward pursuant to Section 4A1.3(b) of the United States Sentencing Guidelines because McGill's criminal history category substantially overrepresented the seriousness of his criminal history.

As McGill's counsel concedes, this argument is without merit. First, we lack jurisdiction over such discretionary decisions. *See United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006). Jurisdiction only arises if the district court's refusal to depart downward is based on the mistaken belief that it lacks discretion to do so. *See United States v. Dominguez*, 296 F.3d 192, 194-95 (3d Cir. 2002). Even assuming *arguendo* that jurisdiction lies in this case, the record clearly demonstrates that the District Court properly considered McGill's arguments at sentencing concerning his criminal history.

The Court calculated McGill's criminal history category to be VI based on his 22 criminal history points, and noted that McGill also qualified as a career offender. The District Court, in great detail, lamented McGill's extensive criminal history, which includes convictions for: unlawful possession of a weapon; terroristic threats; mischief; joyriding; contempt; resisting arrest; threatening to kill; possession with intent to distribute heroin and cocaine within 1,000 feet of school property; and now, conspiracy to tamper with a witness by physical force. In light of this extensive criminal record, the court properly concluded that the career offender classification did not overrepresent McGill's criminal history. Because there is "no evidence that the District Court misapplied the sentencing guidelines or imposed a sentence in violation of the law," we hold that counsel's discussion of the reasons why no appealable issue exists meets the requirements of the first prong of *Anders*.

As for the second prong of *Anders*, we have independently reviewed the record and we agree with counsel's comprehensive analysis as to why no appealable issue exists. The District Court's lucid analysis of McGill's prior crimes, his circumstances, and the goals of sentencing were more than adequate.

Accordingly, we will affirm the judgment of the District Court and, in a separate order, granting counsel's motion to withdraw.